experiencing the accident and witnessing the injury and death of her son. There is no basis for defendants' attempt to distinguish between those emotional injuries suffered by Susan as a result of her own involvement in the accident and those suffered in consequence of observing her son's injury and death; both elements of damage are recoverable (*see generally, Bovsun v Sanperi, supra,* at 231, n 10).

Because defendants are not entitled to summary judgment dismissing the claims of Susan, they are not entitled to summary judgment dismissing the claim of Charles for loss of consortium (*cf., Millington v Southeastern El. Co.,* 22 NY2d 498, 508; *Daniels v Zelco, Inc.,* 159 AD2d 538, 540).

We modify the order, however, to dismiss plaintiffs' demands for punitive damages. In our view, defendants' conduct rises only to the level of negligence, not gross negligence or recklessness. There was no allegation of speeding, drunk driving or any other conduct or circumstance that would support a finding of gross negligence or recklessness (*see, Kaplan v Sparks* [appeal No. 1], 221 AD2d 974; *Taylor v Dyer,* 190 AD2d 902, 903-904; *Sweeney v McCormick,* 159 AD2d 832, 834). Further, there is no evidence that defendants acted with a conscious or wanton disregard of the rights of others (*see, Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196, 203-204). (Appeal from Order of Supreme Court, Cayuga County, Contiguglia, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.

■ HERBERT DAMSTETTER, Appellant, v ROBERT P. MARTIN, Respondent. (Appeal No. 1.) [668 NYS2d 526] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.

■ HERBERT DAMSTETTER, Appellant-Respondent, v ROBERT P. MARTIN, Respondent-Appellant. (Appeal No. 2.) [668 NYS2d 863] —Cross appeal unanimously dismissed and amended order affirmed without costs. Memorandum: Plaintiff commenced this action to recover damages for legal malpractice based upon defendant's alleged failure timely to commence an action for personal injuries arising from an automobile accident. Supreme Court granted defendant's motion for summary judgment dismissing the complaint. The court concluded that the negligence cause of action was time-barred pursuant to CPLR 214 (6). The court further concluded that defendant was entitled to summary judgment dismissing the breach of