■ Naota M. Pina, Appellant, v Patricia J. Pruyn, Defendant, and Dennis E. Farrell et al., Respondents. [881 NYS2d 740]—

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered April 29, 2008 in a personal injury action. The order granted the motion of defendants Dennis E. Farrell and National Fuel Gas Company for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in two motor vehicle accidents. We conclude that Supreme Court properly granted the motion of defendants National Fuel Gas Company and Dennis E. Farrell (collectively, National Fuel defendants), the defendants involved in the second accident, for summary judgment dismissing the complaint against them on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) in that second accident.

The National Fuel defendants met their initial burden on the motion by submitting the records of plaintiff's chiropractor describing the treatment received by plaintiff between the time of the first and second accidents and that received after the second accident (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Those records established that the second accident involved merely a gentle collision, that plaintiff's condition was the "same" after the second accident as it was after the first accident, and that plaintiff's disability from work in the period following the first and second accidents was related solely to the first accident.

In opposition to the motion, plaintiff submitted the affidavit of her treating chiropractor and the affirmation of her treating orthopedic surgeon, each of whom concluded that plaintiff's injuries were in part related to the second accident. We conclude, however, that the affidavit of the chiropractor and the affirmation of the orthopedic surgeon lack probative value and are insufficient to raise a triable issue of fact with respect to the issue of serious injury (*see generally Gaddy v Eyler*, 79 NY2d 955, 957-958 [1992]; *Damstetter v Martin* [appeal No. 2], 247 AD2d 893 [1998]). The chiropractor neither denied having the opportunity to correct the alleged error in his records linking plaintiff's injuries "solely" to the first accident, nor did he account for the notation in his progress notes that he viewed

plaintiff's condition to be the "same" immediately after the second accident as it was before that accident. Further, the orthopedic surgeon did not consider the circumstances of either accident and provided no objective basis for his conclusion that plaintiff sustained a new injury or aggravated an existing injury in the second accident (*see generally Mitchell v Atlantic Paratrans of NYC, Inc.*, 57 AD3d 336 [2008]; *Damstetter*, 247 AD2d 893 [1998]). Present—Scudder, P.J., Martoche, Fahey, Carni and Pine, JJ.