# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**343**
**CA 11-02073**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

BONNIE MORTILLARO, PLAINTIFF-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

ROCHESTER GENERAL HOSPITAL, DEFENDANT,
ILYA ZHAVORONKOV AND DOMINIC CORTESE, DOING
BUSINESS AS ANESTHESIOLOGIST ASSOCIATES OF
ROCHESTER, DEFENDANTS-APPELLANTS.

---

HIRSCH & TUBIOLO, P.C., ROCHESTER (CHRISTOPHER S. NOONE OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

THE LADUCA LAW FIRM, ROCHESTER (DAVID C. PILATO OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered January 7, 2011 in a medical malpractice action. The order denied the motion of defendants Ilya Zhavoronkov and Dominic Cortese, doing business as Anesthesiologist Associates of Rochester, for summary judgment dismissing the amended complaint against them.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendants Ilya Zhavoronkov and Dominic Cortese, doing business as Anesthesiologist Associates of Rochester, in part and dismissing the amended complaint against them except insofar as it alleges that Dr. Zhavoronkov failed to conduct a postoperative interview to assess plaintiff's anesthesia experience and failed to document the findings of that interview, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries she allegedly sustained following a surgery during which she alleged to have experienced intraoperative awareness, i.e., waking up from anesthesia during surgery. Defendant Ilya Zhavoronkov administered the anesthesia for plaintiff's surgery. Defendant Dominic Cortese, chief of anesthesiology at defendant Rochester General Hospital, met with plaintiff approximately four months after her surgery to discuss her alleged intraoperative awareness, but he concluded that the memories plaintiff recounted at that time were consistent only with postoperative events. As a result of the stress and anxiety allegedly caused by her intraoperative memories, plaintiff admitted herself for inpatient psychiatric

treatment that included electroconvulsive therapy (ECT).  According to plaintiff, Dr. Zhavoronkov was negligent in failing to administer anesthesia properly; failing to monitor her anesthesia during surgery and her recovery from the anesthesia after surgery; failing to conduct a postoperative interview to assess her anesthesia experience; and failing to document the findings of that interview.  Also according to plaintiff, Dr. Cortese was negligent in failing to include Dr. Zhavoronkov in his postoperative meeting with plaintiff; failing to validate her claim of intraoperative awareness at that time; and failing to prevent her psychiatrist from subjecting her to ECT.

Dr. Zhavoronkov and Dr. Cortese, doing business as Anesthesiologist Associates of Rochester (hereafter, defendants), appeal from an order denying their motion for summary judgment dismissing the amended complaint against them.  We conclude that Supreme Court erred in denying that part of the motion with respect to Dr. Cortese.  We further conclude that the court erred in denying that part of the motion with respect to Dr. Zhavoronkov, except insofar as plaintiff alleges that he failed to conduct a postoperative interview to assess plaintiff's anesthesia experience and failed to document the findings of that interview.  We therefore modify the order accordingly.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *see Zuckerman v City of New York*, 49 NY2d 557, 562).  "Once [that] showing has been made . . ., the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *see Zuckerman*, 49 NY2d at 562).  "In a medical malpractice action, a plaintiff, in opposition to a defendant physician's summary judgment motion, must submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician that he [or she] was not negligent in treating plaintiff so as to demonstrate the existence of a triable issue of fact" (*Alvarez*, 68 NY2d at 324).

With respect to Dr. Cortese, defendants met their initial burden on the motion inasmuch as they submitted the deposition testimony of Dr. Cortese in which he offered a reasonable explanation for not including Dr. Zhavoronkov in his postoperative meeting with plaintiff, i.e., that as an anesthesiologist, he was capable of assessing the validity of a claim of intraoperative awareness.  We therefore conclude that Dr. Cortese's failure to include Dr. Zhavoronkov in that meeting does not constitute medical negligence.  With respect to plaintiff's allegation that Dr. Cortese was negligent in failing to validate her claim of intraoperative awareness at their postoperative meeting, defendants' expert opined in his affidavit that Dr. Cortese had a valid basis for that determination, and plaintiff's expert failed to respond to that opinion.  In addition, defendants submitted the affidavit of plaintiff's treating psychiatrist, who stated that

she would have treated plaintiff with ECT regardless of whether Dr. Cortese had concluded that plaintiff experienced intraoperative awareness.  Thus, defendants established that Dr. Cortese could not be found liable for failing to prevent plaintiff from undergoing ECT, and plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman*, 49 NY2d at 562).

With respect to Dr. Zhavoronkov, we conclude that, through the affidavit of their expert, defendants met their initial burden of establishing that Dr. Zhavoronkov did not depart from the applicable standard of care in either his administration of anesthesia to plaintiff or his intraoperative and postoperative monitoring of plaintiff's reaction to anesthesia.  Plaintiff failed to raise a triable issue of fact in opposition inasmuch as her expert failed to dispute those conclusions.  Indeed, plaintiff's expert conceded that Dr. Zhavoronkov's administration of anesthesia and conduct during surgery satisfied the requisite standard of care.

Even assuming, arguendo, that defendants met their initial burden on that part of their motion concerning Dr. Zhavoronkov's performance of a postoperative interview of plaintiff to assess her anesthesia related experience and his documentation of such an interview, we conclude that plaintiff submitted sufficient evidence to raise a triable issue of fact with respect thereto (*see generally Zuckerman*, 49 NY2d at 562).  Although Dr. Zhavoronkov testified at his deposition that he spoke to plaintiff after her surgery, that testimony was based on surgical records noting that such an interview took place inasmuch as he also testified that he had no specific recollection of plaintiff's surgery.  We note that the portion of the surgical records relevant to a postoperative interview included in the record is illegible.  In addition, plaintiff testified at her deposition that she never spoke to Dr. Zhavoronkov after her surgery.

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court