# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**239**

**CA 13-00999**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

VALERIE HEATTER, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL E. DMOWSKI, DEFENDANT-APPELLANT.

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM K. MATTAR, P.C., WILLIAMSVILLE (APRIL J. ORLOWSKI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered March 5, 2013 in a personal injury action. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle she was driving was struck by a vehicle operated by defendant. According to plaintiff, she sustained a serious injury under four categories set forth in Insurance Law § 5102 (d), i.e., permanent loss of use, permanent consequential limitation of use, significant limitation of use and the 90/180-day category. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury under any of those categories, and Supreme Court denied the motion. We reverse. Defendant met his initial burden of establishing that plaintiff did not sustain a serious injury under those four categories by submitting an affirmed examining physician's report stating that, although plaintiff had sustained a cervical strain that had resolved within weeks of the accident, the post-accident MRI films of the cervical spine were unchanged from the prior cervical MRI films taken five years earlier and revealed no objective evidence of a recent traumatic or causally related injury (*see Womack v Wilhelm*, 96 AD3d 1308, 1309; *Fuentes v Sanchez*, 91 AD3d 418, 419; *Gentilella v Board of Educ. of Wantagh Union Free Sch. Dist.*, 60 AD3d 629, 629-630). We note in particular with respect to the 90/180-day category that plaintiff failed to submit the requisite objective evidence of "a medically determined injury or impairment of a non-permanent nature" (§ 5102 [d]), and failed to establish that the alleged limitations in plaintiff's daily activities resulted from injuries sustained in the

accident (*see Dann v Yeh*, 55 AD3d 1439, 1441; *Calucci v Baker*, 299 AD2d 897, 898).