# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1263**
**CA 15-00642**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

JASON T. AUGHTMON, PLAINTIFF-APPELLANT,

                     V                              MEMORANDUM AND ORDER

RAYMOND T. WARD AND TAMMEY M. WARD,
DEFENDANTS-RESPONDENTS.

---

STEVE BOYD, P.C., WILLIAMSVILLE (STEPHEN BOYD OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BROWN & KELLY, LLP, BUFFALO (KRISTEN B. DEGNAN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

-------------------------------------------------------------------------------

     Appeal from an order of the Supreme Court, Niagara County (Frank
Caruso, J.), entered August 5, 2014.  The order, insofar as appealed
from, denied plaintiff's motion for partial summary judgment.

     It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

     Memorandum:  Plaintiff commenced this action seeking damages for
injuries he sustained when a vehicle owned by defendant Tammey M. Ward
and driven by defendant Raymond T. Ward collided with the vehicle
driven by plaintiff.  Following discovery, plaintiff moved for partial
summary judgment on the issue whether he sustained a serious injury
under the 90/180-day category of serious injury (*see* Insurance Law §
5102 [d]).  Supreme Court properly denied the motion.  Contrary to
plaintiff's contention, he failed to meet his initial burden with
respect to the 90/180-day category inasmuch as he failed to submit
evidence establishing as a matter of law that he sustained "a
medically determined injury or impairment of a non-permanent nature"
that was causally related to the subject accident (*id.; see Heatter v
Dmowski*, 115 AD3d 1325, 1326; *see also Hartman-Jweid v Overbaugh*, 70
AD3d 1399, 1400).  In support of his motion, plaintiff submitted,
inter alia, the affirmed report of a physician who examined plaintiff
on behalf of defendants.  The physician concluded, based on all of
plaintiff's medical reports, as well as the imaging studies conducted
since the date of the accident (*cf. Quinones v Ksieniewicz*, 80 AD3d
506, 506-507), that plaintiff had "extensive congenital variation and
degenerative disease of the lumbar spine that was not caused by the
accident of record" and that plaintiff's injuries were caused by those
preexisting "anatomical elements."  We thus conclude that plaintiff
failed to meet his burden of establishing, as a matter of law, that
his alleged pain and injuries were caused by the subject accident (*see*

*generally Carrasco v Mendez*, 4 NY3d 566, 580).

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court