# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**475**
**CA 15-01159**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

BRENDA M. BOROSZKO AND ROBERT R. BOROSZKO,
PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

GERALD J. ZYLINSKI, PRAXAIR DISTRIBUTION, INC.,
MICHAEL A. PECA AND KRISTEN L. PECA,
DEFENDANTS-RESPONDENTS.

---

MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS.

GOLDBERG SEGALLA LLP, BUFFALO (PAUL D. MCCORMICK OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS GERALD J. ZYLINSKI AND PRAXAIR DISTRIBUTION,
INC.

BURGIO, KITA, CURVIN & BANKER, BUFFALO (JAMES P. BURGIO OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS MICHAEL A. PECA AND KRISTEN L. PECA.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered April 1, 2015. The order granted the motion and cross motion of defendants for summary judgment, denied the cross motion of plaintiffs for partial summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Brenda M. Boroszko (plaintiff) in two separate motor vehicle accidents. In January 2009, plaintiff was involved in an accident when defendant Gerald J. Zylinski, who was operating a vehicle owned by his employer, defendant Praxair Distribution, Inc. (collectively, Praxair defendants), exited a parking lot onto the street and collided with the passenger side of plaintiff's vehicle. In January 2011, plaintiff was involved in another accident when she was rear-ended while stopped at a red light by a vehicle operated by defendant Michael A. Peca and owned by defendant Kristen L. Peca (collectively, Peca defendants). As relevant on appeal, plaintiffs alleged that, as a result of the accidents, plaintiff "sustained[,] aggravated[,] and/or exacerbated" injuries to her cervical and lumbar spine under the permanent loss of use, permanent consequential limitation of use, and significant limitation of use categories of serious injury as defined in Insurance

Law § 5102 (d).  The Peca defendants moved for summary judgment dismissing the complaint against them on the ground that plaintiff did not sustain a serious injury within the meaning of those categories, and the Praxair defendants cross-moved for the same relief. Plaintiffs opposed defendants' motions, and cross-moved for partial summary judgment on the issue of the Praxair defendants' negligence. Supreme Court granted the Peca defendants' motion and the Praxair defendants' cross motion, and denied plaintiffs' cross motion.  We affirm.

We note at the outset that plaintiffs limit their appeal to the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d), and therefore they have abandoned the other remaining category of serious injury alleged in their bills of particulars, i.e., permanent loss of use (*see Fanti v McLaren*, 110 AD3d 1493, 1494).  Further, plaintiffs concede that plaintiff suffered no serious injury to her cervical or lumbar spine following the first accident in January 2009.  They contend that plaintiff's lumbar spine injury did not exist until the second accident in January 2011 and that her cervical spine injury qualified as serious under the statute only upon aggravation or exacerbation as a result of the second accident in January 2011.

Plaintiffs contend that the Peca defendants failed to meet their initial burden of establishing that plaintiff did not have any serious injury following the second accident that arose from aggravation or exacerbation of her preexisting injuries and/or conditions.  We reject that contention.  In support of their motion, the Peca defendants submitted hospital records from the date of the second accident, which established that, although plaintiff reported neck and back pain and was ultimately diagnosed with a sprain in those areas, her physical examination demonstrated "[n]o true pain along her cervical spine," her cervical spine X rays showed no fracture, she was given pain medication, and she was discharged.  Moreover, while plaintiff's radiology report showed no visible pathologic prevertebral soft tissue swelling, it did show "moderate multilevel degenerative disc disease with moderate degenerative changes throughout the cervical spine."  In addition to various other medical records, the Peca defendants also submitted an affirmed report of a physician who reviewed plaintiff's records and conducted a physical examination of her, as well as an affirmed report of a radiologist who reviewed plaintiff's MRI records. The physician and the radiologist opined that plaintiff's complaints following the second accident were the same as those prior to that accident, that plaintiff's MRIs and X rays—which showed degenerative changes—were unchanged after the second accident, and that there was no evidence of posttraumatic injuries to plaintiff's cervical or lumbar spine following the second accident (*see Garcia v Feigelson*, 130 AD3d 498, 499; *Heatter v Dmowski*, 115 AD3d 1325, 1326; *Pina v Pruyn*, 63 AD3d 1639, 1639; *Faso v Fallato*, 39 AD3d 1234, 1234). Although plaintiffs correctly note that the physician documented limited range of motion in plaintiff's cervical spine upon his examination of her, the Peca defendants' submissions also included a December 2010 chiropractic record that the physician reviewed.  That chiropractic record showed that plaintiff had essentially the same

levels of decreased range of motion just weeks before the January 2011 accident, and thus established that there was no aggravation or exacerbation of plaintiff's condition as a result of the second accident. To the extent that plaintiffs rely on a September 2000 record showing that plaintiff had full range of motion, such reliance is misplaced given the length of time between the prior record and the January 2011 accident, the evidence of various other accidents and injuries suffered by plaintiff during the intervening time period, and the more recent testing showing nearly identical range of motion deficits just before the second accident (*see Yakubov v CG Trans Corp.*, 30 AD3d 509, 510). The Peca defendants thus established that plaintiff did not suffer aggravation or exacerbation of any preexisting injury or condition, and that she did not have any serious injury following the second accident (*see Faso*, 39 AD3d at 1234).

Contrary to plaintiffs' further contention, we conclude that their submissions in opposition to the motion failed to raise a triable issue of fact. Although plaintiff's orthopedist, who first examined plaintiff 10 months after the second accident and provided an affirmation on her behalf, opined that plaintiff had measurable limitations in her range of motion, he failed to refute the opinion of the Peca defendants' examining physician that plaintiff had not sustained any additional limitation causally related to the January 2011 accident by, for example, "comparing plaintiff's pre- and post-accident range of motion restrictions" (*Overhoff v Perfetto*, 92 AD3d 1255, 1256, *lv denied* 19 NY3d 804). To the extent that the orthopedist's opinion that the two accidents activated, aggravated, and/or exacerbated certain preexisting conditions is responsive to the Peca defendants' prima facie showing of entitlement to summary judgment, we conclude that the orthopedist "failed to provide any basis for determining the extent of any exacerbation of plaintiff's prior injuries" (*Brand v Evangelista*, 103 AD3d 539, 540). Although the orthopedist reviewed an April 2009 MRI, he failed to explain how the January 2011 accident aggravated the alleged injuries sustained in the January 2009 accident, and thus failed to raise a triable issue of fact whether such injuries qualified as serious under the statute (*see Brand*, 103 AD3d at 540; *Nowak v Breen*, 55 AD3d 1186, 1188-1189).

Inasmuch as the parties' submissions establish, as a matter of law, that plaintiff did not suffer any serious injury following the January 2011 accident resulting from aggravation or exacerbation of her preexisting injuries and/or conditions, plaintiffs' theory of liability against the Praxair defendants, i.e., that the January 2009 accident contributed to plaintiff's purported serious injuries following the second accident, necessarily fails. We therefore agree with the Praxair defendants that the court properly granted their cross motion for summary judgment dismissing the complaint against them. Finally, in light of our determination, we do not address plaintiffs' contention that they are entitled to partial summary judgment on the issue of the Praxair defendants' negligence.

Entered:  June 17, 2016                          Frances E. Cafarell
                                                 Clerk of the Court