Hoosier v Kelly (2019 NY Slip Op 09137)





Hoosier v Kelly


2019 NY Slip Op 09137


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1029 CA 19-00455

[*1]MICHELE HOOSIER, PLAINTIFF-RESPONDENT,
v
JOYCE B. KELLY, DEFENDANT-APPELLANT. 






LAW OFFICE OF JOHN WALLACE, BUFFALO (ALYSON C. CULLITON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered March 1, 2019. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained when the vehicle in which she was a passenger was rear-ended by a vehicle operated by defendant. Plaintiff alleged that, as a result of the motor vehicle accident, she sustained injuries to, inter alia, her cervical and lumbar spine under the significant limitation of use and permanent consequential limitation of use categories of serious injury as defined in Insurance Law § 5102 (d). Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not, as a result of the accident, sustain a serious injury within the meaning of section 5102 (d). Defendant now appeals from an order insofar as it denied her motion with respect to plaintiff's claim of serious injuries to her cervical and lumbar spine.
We agree with defendant that Supreme Court erred in denying her motion with respect to that claim inasmuch as defendant established as a matter of law that plaintiff did not sustain a serious injury to her cervical or lumbar spine as a result of the subject accident and, in opposition to the motion, plaintiff failed to raise a triable issue of fact. Defendant met her initial burden on the motion by offering
" persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition' " rather than the subject motor vehicle accident (Kwitek v Seier, 105 AD3d 1419, 1420 [4th Dept 2013], quoting Pommells v Perez, 4 NY3d 566, 580 [2005]). In addition to other evidence, defendant submitted the affirmed report of the physician who conducted a medical examination of plaintiff on behalf of defendant. That physician reviewed medical records of plaintiff and concluded, inter alia, that plaintiff had a diffuse preexisting, symptomatic degenerative disease of her entire spine prior to the subject accident and that the multiple surgeries performed on plaintiff's cervical and lumbar spine after the date of the accident were not required as a result of the accident.
We further conclude that, in opposition to the motion, plaintiff failed to " come forward with evidence addressing defendant's claimed lack of causation' " (Hartman-Jweid v Overbaugh, 70 AD3d 1399, 1400 [4th Dept 2010], quoting Pommells, 4 NY3d at 580). Plaintiff submitted the affidavit of her treating surgeon, but the surgeon failed to refute the opinion of defendant's examining physician by, "for example, comparing plaintiff's pre- and post-accident range of motion restrictions" (Boroszko v Zylinski, 140 AD3d 1742, 1745 [4th Dept 2016] [internal quotation marks omitted]). To the extent that the surgeon opined that the accident aggravated or exacerbated plaintiff's preexisting conditions, we conclude that the surgeon "failed to provide [*2]any basis for determining the extent of any exacerbation of plaintiff's prior injuries" (id. [internal quotation marks omitted]). Plaintiff offered no "factually based medical opinions ruling out . . . degenerative conditions as the cause of [her] limitations" (Ortiz v Ash Leasing, Inc., 63 AD3d 556, 557 [1st Dept 2009]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court