Washington-Livingston v Purpura (2022 NY Slip Op 05395)

Washington-Livingston v Purpura

2022 NY Slip Op 05395

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND NEMOYER, JJ.

597 CA 21-00892

[*1]CORY WASHINGTON-LIVINGSTON, PLAINTIFF-APPELLANT,
v
MELINDA F. PURPURA AND RACHEL M. PURPURA, DEFENDANTS-RESPONDENTS. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BURGIO, CURVIN & BANKER, BUFFALO (STEPHANIE MESSINA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered May 24, 2021. The order, insofar as appealed from, granted the motion of defendants for summary judgment on the issue of serious injury and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries allegedly sustained in a motor vehicle accident in 2016 when her vehicle was struck from behind by a vehicle operated by defendant Rachel M. Purpura and owned by defendant Melinda F. Purpura. As relevant on appeal, plaintiff alleged that she sustained a serious injury to, inter alia, her cervical spine under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of Insurance Law § 5102 (d). Plaintiff alleged that her cervical injury necessitated a surgery performed in 2018. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff had not sustained a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted the motion and dismissed the complaint. Plaintiff appeals and we affirm.
Contrary to plaintiff's contention, defendants met their initial burden of establishing that plaintiff did not sustain a serious injury under any of the categories alleged. Plaintiff had been involved in three prior motor vehicle accidents and a work-related accident that had resulted in injury to her spine, including her cervical spine. In support of their motion, defendants submitted a report and affirmation from a physician who had examined plaintiff, as well as a report from a radiologist. The physician and radiologist had reviewed plaintiff's medical records, including MRIs, from before and after the 2016 accident. They opined, inter alia, that plaintiff's MRIs showed preexisting degenerative changes to her cervical spine that were unchanged by the 2016 accident and that there was no objective evidence of a new injury following that accident (see Roger v Soos, 175 AD3d 937, 938 [4th Dept 2019]; Boroszko v Zylinski, 140 AD3d 1742, 1744-1745 [4th Dept 2016]; Heatter v Dmowski, 115 AD3d 1325, 1326 [4th Dept 2014]). Although plaintiff had complained of pain in her cervical spine shortly after the accident, the physician opined that, based on his review of the records and MRIs, any aggravation of the cervical spine caused by the accident would have resolved in one to six weeks.
Plaintiff failed to raise an issue of fact in opposition. Although plaintiff contends that she had measurable decreased cervical range of motion when examined after the 2016 accident, plaintiff failed to refute the expert opinions submitted by defendants that plaintiff had not sustained any additional limitation causally related to the 2016 accident by, for example, a comparison of plaintiff's pre- and post-2016 accident records and MRIs (see Boroszko, 140 [*2]AD3d at 1745; see generally Roger, 175 AD3d at 938-939).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court