Mussari v Murray (2022 NY Slip Op 07385)

Mussari v Murray

2022 NY Slip Op 07385

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

906 CA 21-01483

[*1]LOUIS MUSSARI, PLAINTIFF-APPELLANT,
v
DARNELL MURRAY AND CARLY TRILLIZIO, DEFENDANTS-RESPONDENTS. 

PENBERTHY LAW GROUP LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (MARTHA E. DONOVAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered September 22, 2021. The order and judgment granted the motion of defendants for summary judgment, dismissed the complaint and denied as moot the cross motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motion in part, reinstating the complaint, as amplified by the bill of particulars, with respect to the 90/180-day and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d), and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained in a motor vehicle accident that occurred when his vehicle was rear-ended by a vehicle operated by defendant Darnell Murray and owned by defendant Carly Trillizio. Supreme Court granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and effectively denied as moot plaintiff's cross motion for partial summary judgment on the issue of negligence. Plaintiff now appeals.
We note at the outset that plaintiff contends on appeal only that he sustained a serious injury under the significant limitation of use and 90/180-day categories of Insurance Law § 5102 (d), and therefore he has abandoned his claim with respect to the permanent consequential limitation of use category alleged in his bill of particulars (see Lamar v Anastasi, 188 AD3d 1637, 1637 [4th Dept 2020]; Koneski v Seppala, 158 AD3d 1211, 1212 [4th Dept 2018]).
For a court "[t]o grant summary judgment, it must clearly appear that no material and triable issue of fact is presented" (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441 [1968]; see Matter of New York City Asbestos Litig., 33 NY3d 20, 25 [2019]). "Summary judgment should not be granted where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable" (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 315 [2004]). When reviewing a motion for summary judgment, "facts must be viewed 'in the light most favorable to the non-moving party' " (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), and the proponent of the motion "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "On a motion for summary judgment dismissing a complaint that alleges serious injury under Insurance Law § 5102 (d), the defendant[s] bear[] the initial burden of establishing by competent medical evidence that [the] plaintiff did not sustain a serious injury caused by the accident" (Gonyou v [*2]McLaughlin, 82 AD3d 1626, 1627 [4th Dept 2011] [internal quotation marks omitted]).
Here, we agree with plaintiff that the court erred in granting defendants' motion with respect to the claims of a serious injury under the significant limitation of use and 90/180-day categories. We therefore modify the order and judgment accordingly. In the absence of other competent medical evidence such as a report of plaintiff's treating chiropractor or the affidavit of an expert medical professional who reviewed plaintiff's medical records, we conclude on this record that defendants' near exclusive reliance on the chiropractor's handwritten notes on preprinted evaluation forms—the probative value of which is "minimal or nonexistent" here given that those notes are, as defendants concede, largely illegible (Wilson v Bodian, 130 AD2d 221, 231 [2d Dept 1987])—is insufficient to meet defendants' initial burden of establishing that plaintiff did not sustain a serious injury under the subject categories (cf. Pina v Pruyn, 63 AD3d 1639, 1639 [4th Dept 2009]; Owens v Nolan, 269 AD2d 794, 795 [4th Dept 2000]). Inasmuch as defendants failed to meet their initial burden on those parts of the motion, the burden never shifted to plaintiff, and denial of the motion in those respects was required "regardless of the sufficiency of the opposing papers" (Alvarez, 68 NY2d at 324).
We nonetheless reject plaintiff's further contention that the court should have granted his cross motion for partial summary judgment on the issue of negligence. Even assuming, arguendo, that plaintiff met his initial burden on the cross motion, we conclude that defendants raised an issue of fact by submitting evidence of a nonnegligent explanation for the accident, i.e., the sudden stop of the vehicle operated by plaintiff (see Benz v Calder, 158 AD3d 1297, 1297 [4th Dept 2018]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court