Clark v Preferred Mut. Ins. Co. (2024 NY Slip Op 50266(U))

[*1]

Clark v Preferred Mut. Ins. Co.

2024 NY Slip Op 50266(U)

Decided on March 15, 2024

Supreme Court, Monroe County

Waldorf, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 15, 2024
Supreme Court, Monroe County

Kim Clark, Plaintiff,

against
Preferred Mutual Insurance Company, URBANSKI INSURANCE AGENCY, INC., COUNTY OF MONROE, TOWN OF GREECE, CITY OF ROCHESTER, and MONROE COUNTY WATER AUTHORITY,[FN1] Defendants.

Index No. E2021004490

Kristine N. Celeste, Esq., Thomas D. Lyons, Esq., and Christopher M. Berloth, Esq., Duke Holzman Photiadis & Gresens LLP, for Plaintiff
James H. Cosgriff, III, Esq., Mura Law Group, PLLC, for Defendant Preferred Mutual Insurance Company
Adam C. Ferrandino, Esq., Feldman Kieffer, LLP, for Defendant Urbanski Insurance Agency, Inc.

Joseph D. Waldorf, J.

Kim Clark's ("Plaintiff") home was damaged by a fire on January 28, 2021. Plaintiff failed to advise her insurance agent or broker about an addition to her home which increased its square footage by approximately fifty percent. As a result of the fire, Plaintiff's claimed losses to her home and personal property far exceeded her insurance coverage limits which did not account for the unknown increased square footage of Plaintiff's renovated home. Plaintiff thereafter commenced the instant action seeking damages against Urbanski Insurance Agency, Inc. ("Urbanski") alleging it negligently procured insufficient insurance coverage for the home and against Preferred Mutual Insurance Company ("PMIC") claiming it is vicariously liable for [*2]Urbanski's alleged negligence.

Before the Court are several motions. PMIC and Urbanski move for summary judgment pursuant to CPLR 3212 dismissing Plaintiff's complaint and Defendants' respective cross-claims and Plaintiff moves for summary judgment seeking an order that Urbanski was acting as an agent for PMIC. Essentially, Plaintiff seeks to impose a heightened duty upon insurance agents and brokers when it purchases a book of business from another agency and said duty requires that it ensure that it is procuring sufficient coverage for the inherited client. Plaintiff cites no legal authority for imposing such a heightened duty and the Court declines Plaintiff's invitation to impose such a duty. Thus, for the reasons that follow, Urbanski and PMIC's respective motions for summary judgment pursuant to CPLR 3212 are GRANTED, the complaint is DISMISSED along with Urbanski and PMIC's respective cross-claims, and Plaintiff's motion for summary judgment is thereby rendered academic. 
When considering a summary judgment motion "the proponent...must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" necessitating a trial (Alvarez v Prospect Hosp, 68 NY2d 320, 324 [1986]; CPLR 3212 [b]). Proof offered by the moving party must be in admissible form (See Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Dix v Pines Hotel, Inc., 188 AD2d 1007 [4th Dept 1992]). Additionally, "[w]hen reviewing a motion for summary judgment, 'facts must be viewed [] in the light most favorable to the non-moving party[.]'" (Mussari v Murray, 211 AD3d 1619, 1620 [4th Dept 2022].) And once a prima facie showing has been made, "the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez, 68 NY2d at 324; see also, Mortillaro v Rochester Gen. Hosp., 94 AD3d 1497, 1499 [4th Dept 2012]).
As relevant here, "insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so; however, they have no continuing duty to advise, guide or direct a client to obtain additional coverage." (Murphy v Kuhn, 90 NY2d 266, 270 [1977]). And as to negligence claims directed "against an insurance broker, a plaintiff must establish that a specific request was made to the broker for the coverage that was not provided for in the policy." (American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d 730, 735 [2012]). Put simply, an insured's common law negligence cause of action against an agent or broker cannot avoid summary judgment absent a triable issue of fact that Plaintiff made a specific coverage request and if the agent or broker could not procure such coverage that they so advised the client.
Alternatively, a plaintiff may establish that she was owed a heightened duty of advisement by an insurance agent or broker if she can establish the existence of a special relationship (See e.g., 354 Chauncey Realty, LLC v Brownstone Agency, Inc., 213 AD3d 544 [1st Dept 2023]; Hefty v Paul Seymour Insurance Agency, 163 AD3d 1376, 1378 [3d Dept [*3]2018]). To establish a special relationship — and thereby impose a heightened duty upon agents/brokers — a plaintiff must establish that "(1) the agent receives compensation for consultation apart from payment of the premiums (2) there was some interaction regarding a question of coverage, with the insured relying on the expertise of the agent or (3) there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on " (Murphy v Kuhn, 90 NY2d 266, 272 [1977]). 
Applied here, both Urbanski and PMIC met their respective prima facie burdens establishing their entitlement to judgment as a matter of law that they neither breached any common law duty owed to Plaintiff nor did a special relationship exist warranting imposition of a heightened duty. 
For instance, both Urbanski and PMIC established that no specific request for coverage was made and not provided for by Urbanski or PMIC. Thus, neither Urbanski nor PMIC had a "continuing duty to advise, guide or direct [Plaintiff] to obtain additional coverage." (Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014]). And with the burden shifted Plaintiff failed to raise a triable issue of fact in response.
Additionally, Urbanski and PMIC established that no special relationship existed. For instance, both Defendants established that no compensation was received from Plaintiff over and above premium payments. As such, this does not serve as a basis to impose a special relationship (See e.g., Sawyer v Rutecki, 92 AD3d 1237, 1238 [4th Dept 2012]). 
And Plaintiff testified that she never discussed with Urbanski or PMIC concerns about raising her policy limit coverage or questioned the need for additional coverage. As such, Urbanski and PMIC established that no special relationship existed beyond that of "the common-law duty to obtain requested coverage." (John Mezzalingua Associates, LLC v Travelers Indemnity Company, 211 AD3d 1553, 1555 [4th Dept 2022].) 
Finally, not only did Plaintiff fail to make a specific request for additional coverage or seek a review of the adequacy of her existing coverage, she failed to advise Urbanski or PMIC about an addition to her home which increased its square footage by approximately fifty percent. Ultimately, no requests for policy changes were made which would have triggered an underwriting review of the adequacy of Plaintiff's policy (See Doc. # 65, Linette Cisneros Deposition Transcript at 48). As such, Urbanski and PMIC established that no special relationship existed on the basis of the parties' course of dealing so as to make it objectively reasonable that their advice was being sought and relied upon by Plaintiff (See e.g., Murphy v Kuhn, 90 NY2d 266 [1997] [near twenty year relationship between insured and agent not sufficient to establish special relationship where "there is no indication that (insured) ever inquired or discussed with (the agent) any issues involving the liability limits of the policy. Such lack of initiative or personal indifference cannot qualify as legally recognizable or justifiable reliance on the defendant agent's expertise ").
That Plaintiff did not read her yearly insurance policies or declaration pages and had no special training in procuring insurance coverage is of no moment. Put simply, "[i]nsureds are in a better position to know their personal assets and abilities to protect themselves more so than general insurance agents or brokers, unless the latter are informed and asked to advise and act." (Murphy v Kuhn, 90 NY2d 266, 273 [1997].) Such is the case here.
And with the burden shifted, Plaintiff has failed to raise a triable issue of fact in response. For instance, Plaintiff offered an affidavit from Paul Chisholm wherein he claims 34 years of [*4]experience in the insurance industry (See Doc. No. 98, Affidavit of Paul Chisholm). Mr. Chisholm opines that "when an insurance agency purchases a book of business from another agency, the purchasing agency has a duty to ensure that it is procuring the proper coverage for the inherited clients [and that i]t is contrary to standard accepted practices in the field to rely exclusively on the conduct of the prior broker." (Id. at ¶¶ 7-8.) But Mr. Chisholm provides no basis either in the record or in industry standards supporting his opinion that such a heightened duty upon insurance agents and brokers is owed to insureds. As such, Mr. Chisholm's expert opinion is conclusory, speculative, and therefore insufficient to create a triable issue of fact (See generally, Diaz v New York Downtown Hosp., 99 NY2d 542, 544-45 [2002] ["Where the expert's ultimate assertions are speculative or unsupported by an evidentiary foundation the opinion should be given no probative force and is insufficient to withstand summary judgment.").
Accordingly, it is hereby
ORDERED, that Defendant Urbanski and Defendant PMIC's respective motions for summary judgment pursuant to CPLR 3212 are GRANTED in their entirety and Plaintiff's complaint and any cross-claims interposed against and between Urbanski and PMIC are DISMISSED, and in light of this Decision, Order, and Judgment Plaintiff's cross-motion for summary judgment is rendered academic.
Any arguments or prayers for relief advanced by the parties but not specifically addressed herein are DENIED.
This constitutes the Decision, Order, and Judgment of the Court.
Honorable Joseph D. Waldorf
Supreme Court Justice
March 15, 2024

Footnotes

Footnote 1:All claims, counterclaims, and cross-claims by or against Defendants Town of Greece and the Monroe County Water Authority were discontinued by stipulation of all parties on November 7, 2023 (See Doc. No. 88). And all claims against or between Plaintiff and Defendants County of Monroe and the City of Rochester were discontinued by stipulation of the parties on July 26, 2022 (See Doc. No. 45).